IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTICE USA, INC. and<br>CSC HOLDINGS, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DATACLOUD TECHNOLOGIES, LLC,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Altice USA, Inc. and CSC Holdings, LLC (together, "Altice" or "Plaintiffs") file this Complaint and Jury Demand against Defendant DataCloud Technologies, LLC ("Defendant") upon personal knowledge of their own actions, and information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,651,063 ("the '063 patent"), 8,370,457 ("the '457 patent"), 6,824,064 ("the '064 patent"), and 8,762,498 ("the '498 patent") (collectively, the "Asserted Patents") under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

2. Altice seeks relief because Defendant has made it clear through correspondence to Altice that it intends to sue Altice for alleged infringement of the Asserted Patents.

## THE PARTIES

3. CSC Holdings, LLC is an LLC organized and existing under the laws of the State of Delaware with its principal place of business at One Court Square, Long Island City, New York 11101.

4. CSC Holdings, LLC is a wholly-owned subsidiary of Altice USA, Inc.

5. Altice USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Court Square, Long Island City, New York 11101.

6. Altice USA, Inc. is a communications and media holding company that, through its direct and indirect affiliates (including CSC Holdings, LLC), delivers broadband, video, mobile, and other services to its direct and indirect affiliates' customers.  These services include services branded under the Suddenlink and Optimum names and provided by subsidiaries of CSC Holdings, LLC (which, in turn, is a subsidiary of Altice USA, Inc.).

7. On information and belief, Defendant is a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

8. On information and belief, Defendant is subsidiary of Brainbox Innovations, LLC ("Brainbox"), a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

9. On information and belief, Brainbox has at least four additional subsidiaries that assert patent portfolios: CDN Innovations, LLC, DigiMedia Tech, LLC, CommWorks Solutions, LLC, and Hanger Solutions, LLC.

**FACTUAL BACKGROUND**

The Parties' Correspondence

10. On February 5, 2021, Defendant's counsel sent Altice USA, Inc. a letter contending that it infringed the Asserted Patents.  (*See* Exhibit A.)  In particular, Defendant asserts that Altice One Android App infringes claim 4 of the '063 patent, Optimum Business SIP Trunk Adapter

infringes claim 9 of the '457 patent, Altice Mobile SIM card infringes claim 5 of the '064 patent, and Altice web sites using Transport Layer Security (TLS) version 1.2 or 1.3 infringe claim 1 of the '498 patent.

11. In all, through its correspondence, Defendant has alleged that Altice infringes the following claims (individually, an "Asserted Claim," and collectively, "the Asserted Claims"):

- Claim 4 of the '063 patent;
- Claim 9 of the '457 patent;
- Claim 5 of the '064 patent; and
- Claim 1 of the '498 patent.

12. Defendant has filed suits alleging infringement of at least some of the Asserted Patents in eleven cases. *See* Case Nos. 1:21-cv-01020 (DDE), 6:21-cv-00662 (WDTX), 1:21-cv-00837 (DDE), 1:21-cv-00170 (DDE), 1:21-cv-00164 (DDE), 1:21-cv-00155 (DDE), 1:20-cv-01313 (DDE), 1:20-cv-01314 (DDE), 2:20-cv-00872 (WDWA), 1:20-cv-00763 (DDE), and 1:20-cv-00764 (DDE).

The Asserted Patents

13. The '063 patent issued on November 18, 2003 and is entitled "Data Organization and Management System and Method." The '063 patent is attached as Exhibit B to this Complaint. Claim 4 of the '063 patent is reproduced below.

> **4.** A method for providing information to one or more users of a system comprising the steps of:
>
> storing information to be provided in an information pack;
>
> associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category identifier;
>
> associating with said information pack a provider identifier;
>
> communicating said information pack by means of a network to said user data repository associated with the user destination address;

3

locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds; and

further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of:

creating a custom location in said user data repository;

placing said information pack in said custom location;

associating a custom category identifier with said information pack;

sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

14. The '457 patent issued on February 5, 2013 and is entitled "Network Communication Through a Virtual Domain." The '457 patent is attached as Exhibit C to this Complaint. Claim 9 of the '457 patent is reproduced below.

**9.** A method comprising:

establishing a forwarding internet protocol (IP) address for a pre-defined combination of a client IP address and a destination IP address;

identifying, in a data request received from the client IP address, the pre-defined combination; and

in response to the identifying of the pre-defined combination, forwarding the data request via the forwarding IP address to the destination IP address.

15. The '064 patent issued on November 30, 2004 and is entitled "Concurrent Communication With Multiple Applications on a Smart Card." The '064 patent is attached as Exhibit D to this Complaint. Claim 5 of the '064 patent is reproduced below.

> 5. A method for scheduling multiple applications on a smart card, the method comprising:
>
> logically partitioning memory on the smart card into a plurality of memory blocks;
>
> allocating at least one memory block for at least one of the applications, in response to a declaration from the at least one application of its memory needs;
>
> in response to allocating, scheduling the at least one application for execution only if the at least one application's declared memory needs have been satisfied thereby;
>
> executing, in a virtual machine, the at least one application; and communicating with the virtual machine to control scheduling to a predetermined granularity.

16. The '498 patent issued on June 24, 2014 and is entitled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain." The '498 patent is a continuation of the '457 patent and is attached as Exhibit E to this Complaint. Claim 1 of the '498 patent is reproduced below.

> 1. A method, comprising:
>
> determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address;
>
> establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and
>
> instructing the forwarder device to send the request data to the destination IP address.

## JURISDICTION AND VENUE

17. The foregoing paragraphs are incorporated as if set forth herein.

18. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Altice, on the one hand, and Defendant, on the other hand, for declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

19. The Court has specific personal jurisdiction over Defendant pursuant to Delaware's Long Arm Statute, 10 Del. C. § 3104 and the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware.

20. Defendant has purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Altice.

21. Defendant has transacted business in the State of Delaware through its litigation campaign in the District of Delaware, which constitutes legal presence in the State under 10 Del. C. §§ 3104(b) and (c)(1).

22. Defendant has campaigned in Delaware to enforce a portfolio of patents in this District in at least nine previously filed Delaware actions claiming patent infringement. *See* Case Nos. 1:21-cv-01020 (DDE), 1:21-cv-00837 (DDE), 1:21-cv-00170 (DDE), 1:21-cv-00164 (DDE), 1:21-cv-00155 (DDE), 1:20-cv-01313 (DDE), 1:20-cv-01314 (DDE), 1:20-cv-00763 (DDE), and 1:20-cv-00764 (DDE).

23. In each of the nine previously filed Delaware actions, Defendant has asserted at one or more of the Asserted Patents.

24. In Case No. 1:21-cv-01020 (DDE), Defendant asserted the '498 patent.

25. In Case No. 1:21-cv-00837 (DDE), Defendant asserted the '063 and '498 patents.

26. In Case No. 1:21-cv-00170 (DDE), Defendant asserted the '498 patent.

27. In Case No. 1:21-cv-00164 (DDE), Defendant asserted the '063 and '498 patents.

28. In Case No. 1:21-cv-00155 (DDE), Defendant asserted the '457 and '498 patents.

29. In Case No. 1:20-cv-01313 (DDE), Defendant asserted the '063 and '498 patents.

30. In Case No. 1:20-cv-01314 (DDE), Defendant asserted the '063 and '498 patents.

31. In Case No. 1:20-cv-00763 (DDE), Defendant asserted the '063 and '498 patents.

32. In Case No. 1:20-cv-00764 (DDE), Defendant asserted the '063, '457, and '498 patents.

33. Defendant continues litigate Cases No. 1:21-cv-01020 and 1:21-cv-00164 as of the date of this Complaint.

34. On information and belief, Defendant's businesses model is to generate revenue through licensing and asserting a portfolio of intellectual property. Defendant's litigation efforts, in the District of Delaware and elsewhere, are a core component of its business, and Defendant's enforcement of the Asserted Patents in Delaware falls within the categories of activities identified in 10 Del. C. §§ 3104(c), and is at least a transaction of business under § 3104 (c)(1).

35. This Complaint for Declaratory Judgement arises out of the Defendant's activities in the State of Delaware enforcing patents including the Asserted Patents.

36. Defendant has consented to personal jurisdiction in the District of Delaware because of its previously filed and ongoing lawsuits in the district. The lawsuits identified above in paragraphs 20-32 bear a logical relationship to this Complaint because they alleged infringement of patents included in the Asserted Patents, and are part of the same concerted licensing and

enforcement effort with which Defendant has targeted Altice, for example with its February 5, 2021 letter to Altice identifying the Asserted Patents.  (Ex. A.)

37. The District of Delaware's personal jurisdiction over Defendant comports with the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware, including the enforcement actions in Delaware identified above in paragraphs 20-32.

38. Defendant has also purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Altice.

39. Defendant has also purposefully directed its enforcement activity at Delaware by asserting its patent portfolio, including the Asserted Patents, against Delaware corporations and entities in proceedings outside of the District of Delaware.

40. Defendant purposefully availed itself of the protections of the State of Delaware upon assignment of the Asserted Patents.  On information and belief, the assignors of any interest Defendant has in the Asserted Patents are Delaware LLCs, Intellectual Ventures Assets 148 LLC and Intellectual Ventures Assets 151 LLC (together, "Intellectual Ventures"), each of which recorded an address at 251 Little Falls Drive, Wilmington, DE 19808.  Intellectual Ventures conveyed Defendant's patent portfolio, including the Asserted Patents, over four separate conveyances, which are attached to this Complaint as Exhibits F-I, on November 15, 2019.

41. On information and belief, Intellectual Ventures maintains a security interest in the patents it assigned to Defendant, including the Asserted Patents, which has been recorded in Georgia.  The associated UCC financing statements, which were filed on December 5, 2019, are attached to this Complaint as Exhibits J and K, and reference agreements between Intellectual Ventures and Defendant governing the secured sale of the patent portfolio.

42. By virtue of the secured assignment of rights in a patent portfolio, including the Asserted Patents, from the two Intellectual Ventures LLCs, Defendant has further purposefully directed its enforcement activity at Delaware by creating an ongoing relationship of obligation to Delaware entities that subjects it to this Court's personal jurisdiction.

43. Defendant's campaign of patent licensing and assertion is part of a broader, coordinated patent assertion campaign driven by Brainbox and executed through Defendant and its sister LLCs, including the other Brainbox subsidiaries CDN Innovations LLC, CommWorks Solutions, LLC, and DigiMedia Tech, LLC. Each of these entities obtained assignments of patent portfolios from one or more Delaware LLCs, each of which is a differently numbered "Intellectual Ventures Assets" LLC.

44. CommWorks Solutions, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 148, LLC and Intellectual Ventures Assets 151, LLC, both Delaware LLCs. These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above. UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

45. CDN Innovations, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 130, LLC and Intellectual Ventures Assets 135, LLC, both Delaware LLCs. These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above. UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

46. DigiMedia Tech, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 142, LLC and Intellectual Ventures Assets 145, LLC, both Delaware LLCs. These assignments were also executed on November 15, 2019, the same day as Defendant's

assignments referenced above.  UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

47. As part of the coordinated Brainbox patent assertion campaign, Defendant's sister entity DigiMedia Tech, LLC has litigated, and continues to litigate, claims against an accused infringer in the District of Delaware.  *See* Case No. 1-21-cv-00227 (DDE).

48. As part of the coordinated Brainbox patent assertion campaign, Brainbox and its subsidiaries, including Defendant, have further directed their enforcement activity at Delaware by virtue of Defendant's sister entity CDN Innovations, LLC's repeated representation by attorneys in the Delaware office of the Devlin Law Firm to handle its licensing and patent assertion campaign, including sending a demand letter to Altice from the Devlin Law Firm's Delaware address.  Attorneys from The Devlin Law Firm have represented CDN Innovations, LLC in at least twelve patent infringement cases, listing a Delaware address on CDN Innovation, LLC's court submissions.  *See* case nos. 6-20-cv-00442 (WDTX), 6-20-cv-00443 (WDTX), 6-20-cv-00444 (WDTX), 6-20-cv-00445 (WDTX), 6-20-cv-00446 (WDTX), 6-20-cv-00447 (WDTX), 6-20-cv-00448 (WDTX), 4-20-cv-00653 (EDTX), 4-20-cv-00709 (EDTX), 6-20-cv-00959 (WDTX), 4-21-cv-00381 (EDTX), and 1-21-cv-02240 (NDGA).

49. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).  Because Defendant is subject to the personal jurisdiction of the District of Delaware for this action, Defendant is deemed to reside in the District of Delaware under 28 U.S.C. §§ 1391(c)(2), and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1).

## COUNT 1
### (Declaratory Judgment of Non-infringement of the '063 patent)

50. The foregoing paragraphs are incorporated as if set forth herein.

51. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 4 of the '063 patent. A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

52. Specifically, Defendant has asserted that Altice One Android App infringes claim 4 of the '063 patent.

53. Altice does not infringe claim 4 of the '063 patent.

54. Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, many of the claim limitations found in claim 4 of the '063 patent because content is never stored on a user's device. As a result, the Altice One Android App does not meet the "user data repository" limitations such as: "locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds," "creating a custom location in said user data repository," and "placing said information pack in said custom location."

## COUNT 2
### (Declaratory Judgment of Invalidity of the '063 Patent)

55. The foregoing paragraphs are incorporated as if set forth herein.

56. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 4 of the '063 patent is valid.

57. Claim 4 of the '063 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation

35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

58. Claim 4 of the '063 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of placing different information in designated directories. Additionally, this claim contains no inventive concept. For example, it does not improve computer technology. Instead, claim 4 is directed to software running on a generic computer.

59. Claim 4 of the '063 patent is further invalid under 35 U.S.C. §§ 102 and/or 103. As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent Nos. 5,754,939 and RE41,411. These patents have a priority date of November 29, 1994 and August 26, 1997, respectively, which are more than one year before the January 28, 2000 priority date of the '063 patent.

60. Claim 4 of the '063 patent is further invalid under 35 U.S.C. § 112. As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitations "an information pack," "custom," and "means" are indefinite.

61. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 4 of the '063 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT 3
**(Declaratory Judgment of Non-infringement of the '457 patent)**

62. The foregoing paragraphs are incorporated as if set forth herein.

63. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 9 of

the '457 patent. A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

64. Specifically, Defendant has asserted that Optimum Business SIP Trunk Adapter infringes claim 9 of the '457 patent.

65. Altice does not infringe claim 9 of the '457 patent.

66. Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, any of the claim limitations of claim 9 of the '457 patent because a SIP trunk adapter is a pass through device that is not involved in name resolution.

## COUNT 4
### (Declaratory Judgment of Invalidity of the '457 Patent)

67. The foregoing paragraphs are incorporated as if set forth herein.

68. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 9 of the '457 patent is valid.

69. Claim 9 of the '457 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

70. Claim 9 of the '457 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of network communication. Additionally, this claim contains no inventive concept. For example, it does not improve computer technology. Instead, claim 9 is directed to software running on a generic computer.

71. Claim 9 of the '457 patent is further invalid under 35 U.S.C. §§ 102 and/or 103. As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 7,136,359. This patent has a priority date of July 31, 1997, which is more than one year before the April 4, 2000 priority date of the '457 patent.

72. Claim 9 of the '457 patent is further invalid under 35 U.S.C. § 112. As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "pre-defined combination" is indefinite.

73. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 9 of the '457 patent is invalid and void is necessary and appropriate under the circumstances.

**COUNT 5**
**(Declaratory Judgment of Non-infringement of the '064 patent)**

74. The foregoing paragraphs are incorporated as if set forth herein.

75. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 5 of the '064 patent. A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

76. Specifically, Defendant has asserted that the Altice Mobile SIM card (supplied by a third party) infringes claim 5 of the '064 patent.

77. Altice does not infringe claim 5 of the '064 patent.

78. Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations of claim 5 of the '064 patent: "allocating at least one memory block for at least one of the applications, in response to a declaration from the at least one application of its memory needs"

and "in response to allocating, scheduling the at least one application for execution only if the at least one application's declared memory needs have been satisfied thereby" because it does not perform the claimed memory allocation.

## COUNT 6
### (Declaratory Judgment of Invalidity of the '064 Patent)

79. The foregoing paragraphs are incorporated as if set forth herein.

80. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 5 of the '064 patent is valid.

81. Claim 5 of the '064 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

82. Claim 5 of the '064 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of scheduling. Additionally, this claim contains no inventive concept. For example, it does not improve computer technology. Instead, claim 5 is directed to software running on a generic computer.

83. Claim 5 of the '064 patent is further invalid under 35 U.S.C. §§ 102 and/or 103. As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent Nos. 6,532,518, 6,480,935, 6,766,961, and 6,024,286. These patents have a priority date of April 1, 1998, January 1, 1999, July 7, 2000, and October 21, 1997, respectively, which predate the December 6, 2000 priority date of the '064 patent.

84. Claim 5 of the '064 patent is further invalid under 35 U.S.C. § 112. As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "predetermined granularity" is indefinite.

85. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 5 of the '064 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT 7
**(Declaratory Judgment of Non-infringement of the '498 patent)**

86. The foregoing paragraphs are incorporated as if set forth herein.

87. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 1 of the '498 patent. A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

88. Specifically, Defendant has asserted that Altice web sites using Transport Layer Security (TLS) version 1.2 or 1.3 infringe claim 1 of the '498 patent.

89. Altice does not infringe claim 1 of the '498 patent.

90. Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '498 patent: "determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address." For example, Altice's server does not perform the claimed "determining" from a plurality of categories.

## COUNT 8
**(Declaratory Judgment of Invalidity of the '498 Patent)**

91. The foregoing paragraphs are incorporated as if set forth herein.

92. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 1 of the '498 patent is valid.

93. Claim 1 of the '498 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

94. Claim 1 of the '498 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of network communication. Additionally, this claim contains no inventive concept. For example, it does not improve computer technology. Instead, claim 1 is directed to software running on a generic computer.

95. Claim 1 of the '498 patent is further invalid under 35 U.S.C. §§ 102 and/or 103. As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 7,136,932. This patent has a priority date of March 22, 1999, which is more than one year before the April 4, 2000 priority date of the '498 patent.

96. Claim 1 of the '498 patent is further invalid under 35 U.S.C. § 112. As a non-limiting example, claim 1 lacks enablement and/or written description because the specification does not support the limitation "determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address."

97. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '498 patent is invalid and void is necessary and appropriate under the circumstances.

## PRAYER FOR RELIEF

98. WHEREFORE, Altice requests entry of judgement in its favor against Defendant as follows.

   a. For a declaration that Altice does not infringe any valid and enforceable Asserted Claim of the Asserted Patents;

   b. For a declaration that the Asserted Claims of the Asserted Patents are invalid and void because each fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112;

   c. Finding the case exceptional and awarding Altice its attorneys' fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927, and this Court's inherent equitable powers; and

   d. For other such relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Altice hereby demands a trial by jury of all issues so triable in this action.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Amr O. Aly<br>JENNER & BLOCK LLP<br>919 Third Avenue<br>New York, NY  10022<br>(212) 891-1600<br><br>Yusuf Esat<br>Lisa M. Schoedel<br>Mitchell L. Denti<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL  60654-3456<br>(312) 222-9350<br><br>September 17, 2021 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |